**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000008
03-MAY-2013
08:59 AM**

NO. CAAP-13-0000008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRIAN D. THIESSEN and CAROLYN D. THIESSEN,
Appellants-Appellants,
v.
ZONING BOARD OF APPEALS OF THE
CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PLANNING
AND PERMITTING FOR THE CITY AND COUNTY OF HONOLULU,
Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1017)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over this appeal that Appellants-Appellants Brian D.

Thiessen and Carolyn D. Thiessen (collectively, Thiessen

Appellants) have asserted from the Honorable Rhonda A.

Nishimura's "Order Remanding Case to the Zoning Board of Appeals"

(Order) filed on December 6, 2012, because the Order is not eligible for appellate review in the absence of a final judgment under Rule 72(k) of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 91-15 (2012 Repl.) provides that "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." The Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2012). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c) (1993). HRCP Rule 72(k)[1] requires that, upon a circuit court's determination of an administrative appeal, "the court having jurisdiction shall enter judgment[.]" Therefore, the separate document rule under the holding in <u>Jenkins</u> applies to an administrative appeal before a circuit court. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawaiʻi 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations.").

---

[1] HRCP Rule 81(e) requires that the HRCP "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

The December 6, 2012 Order is not a judgment. On February 14, 2013, the circuit court clerk filed the record on appeal, which did not contain a final judgment. Absent an appealable final judgment, the Thiessen Appellants' appeal is premature and we lack jurisdiction over appellate court case number CAAP-13-0000008. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000008 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 3, 2013.

Chief Judge

Associate Judge

Associate Judge